UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COOLEY, | : |
| Plaintiff, | : |
| -vs- | : **PLAINTIFF CHRISTOPHER COOLEY'S COMPLAINT** |
| CHIRAG ENTERPRISE, LLC DBA WAGON WHEEL MOTEL, AKM M RAHMAN, and NASRIN RAHMAN, | : Case No: 4:23-cv-185 |
| Defendants. | : |
| | : |

### INTRODUCTION

1. Plaintiff Christopher Cooley brings this action pursuant to 42 U.S.C. § 12182, because DOE 1 and other employees of CHIRAG ENTERPRISE, LLC, doing business as "WAGON WHEEL MOTEL," (hereafter "Motel"), denied Mr. Cooley reasonable accommodation in violation of the Americans with Disabilities Act ("ADA") when Mr. Cooley attempted to reserve a room at the Motel, but was denied by Doe 1 due to his use of a service animal. Mr. Cooley was told that he was not allowed to stay at the Motel while accompanied by a service animal.

2. Christopher Cooley is an individual with a disability who uses a service animal for assistance with his major life activities. Mr. Cooley telephoned the Motel located at 7015 Market Street, Youngstown, OH 44512, with the intention of reserving a room. Upon phoning the Motel, Mr. Cooley requested the price of one room for a night, which he received. Mr. Cooley then advised he had a service dog and wanted to make sure that was

1

okay. Jane Doe 1 (hereafter "Doe 1") responded that the Motel does not allow pets. Mr. Cooley informed Doe 1 that the animal was a service animal and not just a pet. Doe 1 disregarded what Mr. Cooley said, and responded, "We still don't, okay? Bye" and hung up. Mr. Cooley ended the call with the Motel without receiving any services or accommodations.

### Parties

3. Christopher Cooley is a citizen and resident of Ohio. Christopher has both vision and hearing impairments, which are qualifying disabilities under the ADA. *See* 42 U.S.C. § 12102(2)(A). Because Christopher has severe hearing and vision impairments, he heavily relies on the assistance of his guide dog Larkin. Larkin is a professionally trained "service animal" as defined in 28 C.F.R. § 36.104.

4. Upon information and belief, Defendant Chirag Enterprise, LLC ("Chirag") is an Ohio LLC, doing business as Wagon Wheel Motel in Ohio.

5. Upon information and belief, Defendant Chirag operates the Motel located at 7015 Market Street, Youngstown, OH 44512.

6. Defendant Rahman Akm M & Rahman Nasrin own the property and building(s) for the Motel.

7. Upon information and belief, Doe 1 is an unidentified employee of Wagon Wheel Motel or Chirag Enterprise, LLC, working at the Motel.

8. Doe 1, acting in their capacity of an employee/agent of Chirag denied Mr. Cooley equal access to the Motel, a place of public accommodation on the day in question, August 26, 2021. Plaintiff intends to amend this Complaint and identify Doe 1 once their identity can be ascertained through discovery.

9. Plaintiff believes that there may be other unidentified parties relevant to this case who are liable under some or all of the claims pled herein, including, but not limited, to suppliers, other owners, other employees, and other entities related to the Motel's operations. Plaintiff intends on amending this Complaint once the existence and identity of these additional defendants has been established.

## Jurisdiction and Venue

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this is a case or controversy arising under federal law.

11. This Court has supplemental jurisdiction over the state law claims because this Court has original jurisdiction over the related claims alleged in Count I. *See* 28 U.S.C. § 1367.

12. Venue is proper in this court because the incidents giving rise to this controversy occurred in this judicial district.

## Factual Background

13. On or about August 26, 2021, at approximately 12:15 p.m., Mr. Cooley phoned the Motel to make a reservation for a room.

14. Upon calling the Motel, Mr. Cooley requested the price of one room for a night, which he received from the representative who answered the phone: Doe 1.

15. Having faced discrimination and accessibility issues many times in the past due to his use of a service animal, Mr. Cooley then advised Doe 1 he had a service animal and wanted to make sure that he would be permitted to check in and use the Motel with his service animal.

16. Doe 1 responded that the Motel does not allow pets.

17. Mr. Cooley informed Doe 1 that the animal was a service animal and not just a pet.

18. Doe 1 disregarded what Mr. Cooley said, and immediately responded, "We still don't, okay? Bye," and ended the call.

19. Mr. Cooley was unable to reserve a room for himself and Larkin.

20. This type of behavior is prohibited by the ADA and state law.

**COUNT I: TITLE III OF THE AMERICANS WITH DISABILITIES ACT AS TO ALL DEFENDANTS**

21. Each of the preceding paragraphs is hereby incorporated by reference as if fully set forth herein.

22. The ADA, 42 U.S.C. § 12182, prohibits discrimination by public accommodations based upon one's disability.

23. During his efforts to reserve a room at the Motel, which is open to the public, and being told by Doe 1 that he could not be in the premises with his service animal, Mr. Cooley repeatedly explained that the dog he needed to bring is a service animal.

24. Upon information and belief, Doe 1 was an employee acting as an agent of Wagon Wheel Motel and Chirag Enterprise, LLC.

25. ADA Title III requires places of public accommodation to engage in reasonable accommodations for disabled individuals. 28 C.F.R. § 36.104.

26. Mr. Cooley was denied a reasonable accommodation.

27. Upon being hung up on for inquiring to make sure that the motel follows the law, Mr. Cooley suffered bodily injury, including, but not limited to, shortness of breath and heart palpitations.

28. Mr. Cooley lives in Ohio, regularly travels throughout the state, and intends to visit the Motel again.

29. Defendants' acts and omissions are in violation of the equal access and nondiscrimination requirements set forth in Title III of the ADA and the regulations promulgated thereunder and have resulted in injury to Mr. Cooley.

30. By engaging in the conduct described above, Defendants are liable for discriminating against Mr. Cooley.

31. Because of the conduct of the Defendants, Plaintiff has been damaged, and he is entitled to injunctive relief from Defendants.

32. Due to the unlawful discriminatory conduct of Defendants, Plaintiff is also entitled to reasonable attorneys' fees.

33. Defendant Chirag Enterprise, LLC, as owner of the place of public accommodation, is vicariously liable for these violations.

**COUNT II: DISABILITY DISCRIMINATION UNDER OHIO LAW AS TO ALL DEFENDANTS**

34. Each of the preceding paragraphs is hereby incorporated by reference as if fully set forth herein.

35. Plaintiff Christopher Cooley is a qualified individual with disabilities as defined under O.R.C. § 4112.01(A)(13) *et seq*.

36. Defendants intentionally, willfully, and wantonly discriminated against Mr. Cooley by denying him the full enjoyment of a place of public accommodation, as defined by O.R.C. § 4112.01(A)(9), due to his disabilities, in violation of O.R.C. § 4112.02(G).

37. As a direct and proximate result of Defendants' discriminatory conduct, Mr. Cooley has been damaged, and he is entitled to compensation from Defendants for all damages (actual and/or punitive) caused by Defendants' unlawful discriminatory conduct, pursuant to O.R.C. § 4112.02.

38. In addition, because Defendants intentionally discriminated against Plaintiff, he is entitled to reasonable attorneys' fees.

39. Defendant Chirag Enterprise, LLC, as owner of the place of public accommodation, is vicariously liable for these violations.

**COUNT III: NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION – WAGON WHEEL MOTEL AND CHIRAG ENTERPRISE, LLC DEFENDANTS**

40. Each of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

41. Doe 1 acted within the scope of her employment during the acts giving rise to this matter.

42. Defendants negligently and/or recklessly supervised and trained their agents/employees in their activities of providing reasonable accommodations to disabled customers.

43. Defendants negligently and/or recklessly permitted, and/or failed to prevent, the unreasonable activity by their agent, Doe 1.

44. As a result of this tortious activity, Plaintiff has been, and continues to be, damaged in an amount to be determined at trial.

45. Mr. Cooley is also entitled to punitive damages in an amount to be determined at trial.

**Jury Demand**

Plaintiff demands a jury trial of all issues so triable.

**Prayer for Relief**

WHEREFORE, the Plaintiff demands that this Honorable Court order relief as follows:

a. Adjudge and Declare that Defendants' acts and omissions denied Plaintiff full use and enjoyment of a place of public accommodation in violation of Title III of the Americans with Disabilities Act and regulations thereunder as alleged in the Complaint;

b. Adjudge and Declare that Defendants' acts and omissions complained of herein denied Plaintiff full use and enjoyment of a place of public accommodation in violation of Ohio

6

Law, ORC § 4112 et seq., and regulations thereunder as alleged in the Complaint;

c. Issue a permanent injunction to require Defendants to comply with the Americans with Disabilities Act of 1990 and Ohio Law, ORC § 4112 et seq., with respect to providing individuals with disabilities full and equal access to its places of business;

d. Enter a judgment finding Defendants have violated federal and Ohio law as set forth above;

e. Award Plaintiff an amount to be determined at trial for bodily injury, humiliation, embarrassment, loss of self-esteem, emotional distress, and pain and suffering;

f. Award Plaintiff compensatory, statutory, and punitive damages;

g. Award Plaintiff his attorneys' fees, litigation expenses, and costs;

h. Award any pre or post-judgment interest permitted by the law; and

i. Grant such further relief as this Court deems equitable and just.

Dated: January 31, 2023                Respectfully submitted,

/s/ Alexander J Darr
Alexander J. Darr (0087102)
Alex@Darr.Law
Darr Law LLC
1391 W 5TH AVE, STE 313
COLUMBUS, OHIO 43212
614-465-3277

*Trial Attorney for Plaintiff,*
Christopher Cooley