PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COOLEY, ) | |
| ) | CASE NO. 4:23-CV-185 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CHIRAG ENTERPRISE, LLC DBA ) | |
| WAGON WHEEL MOTEL, AKM ) | |
| M. RAHMAN, AND NASRIN ) | |
| RAHMAN, ) | |
| ) | **ORDER** |
| Defendants. ) | [Resolving ECF No. 23] |

Plaintiff Christopher Cooley brings this action against Defendants Chirag Enterprise[1], LLC doing business as Wagon Wheel Motel, Akm M. Rahman, and Nasrin Rahman to obtain injunctive relief and damages under Title III of the Americans with Disabilities Act (ADA) and Ohio Rev. Code § 4112.02 *et seq*. *See* ECF No. 1. Pending before the Court is Plaintiff's Motion for Default Judgment against Defendants Akm M. Rahman and Nasrin Rahman (collectively "Rahman Defendants"), filed on September 12, 2023. ECF No. 23. For the following reasons, Plaintiff's Motion for Default Judgment is granted.

---

[1] Plaintiff and Defendant Chirag Enterprise, LLC consented to the jurisdiction of Magistrate Judge Henderson. *See* ECF No. 17.

(4:23CV185)

**Procedural Background**

Rahman Defendants were duly served but failed to plead or otherwise defend. ECF No. 5. On February 28, 2023, Plaintiff applied to the Clerk for an entry of default against Rahman Defendants. ECF No. 6. On March 1, 2023, the Clerk entered default against those Defendants, pursuant to Fed. R. Civ. P. 55(a).[2] ECF No. 7. In the instant motion for default judgment, Plaintiff requests (1) injunctive relief, and (2) an award of attorney's fees and litigation costs. ECF No. 23.

**A.**

"Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the [c]omplaint." *Ford Motor Co v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006). However, the court must determine if those facts are sufficient to state a claim for relief and to conduct an inquiry to calculate the amount of damages with reasonable certainty. *Poskovic v. D2 Management*, LLC, No. 5:19-cv-1222, 2019 WL 6727098 (Dec. 11, 2019).

Accepting the well-pled allegations in the Complaint as true, the following is established: Plaintiff is a legally blind and deaf individual who uses a service animal to assist in Plaintiff's day-to-day activities. ECF No. 1. Therefore, Plaintiff is an individual with a disability pursuant to 42 U.S.C § 12102. Rahman Defendants own the property and building comprising the Wagon Wheel Motel, which is a public accommodation as defined by the ADA. ECF No. 1; 42 U.S.C. § 12182. As a result, Defendant is required to comply with the ADA. 42 U.S.C.

---

[2] Initially, the Clerk entered default against all Defendants in the case. On June 6, 2023, the Court vacated the entry of default against Defendant Chirag Enterprise, LLC. ECF No. 9.

(4:23CV185)

§ 12182(a). Plaintiff alleges that Defendant failed to comply with the ADA by denying Plaintiff the opportunity to stay at the motel with his service animal. ECF No. 1. The Court finds that Defendants have violated the ADA by failing to comply with 42 U.S.C. § 12182(b)(2)(A)(ii). Plaintiff is, therefore, entitled to the injunctive relief requested in his motion for default judgment.

Accordingly, Defendants are ordered to modify their policies and procedures to allow service animals at the motel, and to take steps to ensure that the parties they authorize or contract with to use their property are making appropriate modifications to their pertinent policies and procedures.

**B.**

Plaintiff also requests attorney's fees and litigation expenses. When a party violates the ADA, the court may award "reasonable attorney's fees, including litigation expenses, and costs" pursuant to 42 U.S.C. § 12205. The court is to determine whether attorney's fees are reasonable by calculating the "proven number of hours reasonably expended on the case by an attorney, multiplied by [their] court-ascertained reasonable hourly rate." *Shumway v. Devashree Investment, Inc.*, No. 3:20-cv-2768, 2021 WL 1578078 at *1 (N.D. Ohio Apr. 22, 2021). The court also has broad discretion to determine what constitutes a reasonable hourly rate for an attorney. *Id.* (quoting *Howe v. City of Akron*, No. 5:06-cv-2779, 2016 WL 91670,1 at *6 (N.D. Ohio Mar. 10, 2016)). When making this determination, the court may also consider attorney's fee awards in similar cases. *Poskovic v. D2 Management, LLC*, No. 5:19-cv-1222, 2019 WL 6727098 at *2 (N.D. Ohio Dec. 11, 2019) (finding that attorney using out-of-state attorney's rates were not reasonable when compared to similar cases within the district).

3

(4:23CV185)

Plaintiff's counsel provides a declaration containing his credentials, estimated attorney's fees, and corresponding calculations. Plaintiff requests $6,160 in attorney's fees but does not sufficiently establish that this amount is reasonable. Plaintiff cites hourly rates from Washington, D.C., Virginia, and Illinois. Courts in the Northern District of Ohio have awarded an hourly rate of approximately $425 per hour in an analogous case. *See, e.g. Shumway v. Devashree Investment, Inc.*, No. 3:20-cv-2768, 2021 WL 1578078 at *1 (N.D. Ohio Apr. 22, 2021) (finding that counsel was entitled to $5,652.50 for 13.3 hours of work in case regarding ADA violation). The Court finds that a billing rate of $425 is also reasonable in this case, based on counsel's experience in this area of civil rights litigation. *Cf. Lloyd v. Greater Cleveland Regional Transit Authority*, No. 1:18-cv-1557, WL 1186699 at *4–6 (N.D. Ohio Apr. 20, 2022) (finding that $325 was a hourly reasonable rate for a law firm partner with 11 years of experience in practicing employment law in an ADA case). Plaintiff also requests $600 for counsel's executive assistant/paralegal. Using this reasonable rate, Plaintiff is entitled to $4,340[3] in attorney's fees.

Plaintiff also requests $402 in filing fees, $50 for service of process, and $229 in legal research and printing costs. Plaintiff's request is supported by an itemized summary of expenses in Plaintiff's declaration. The Court finds that these expenses are reasonable, and Plaintiff is entitled to $681 in litigation expenses.

---

[3] Counsel's Fees=$425(rate) x 8.8(hours)=$3,740; Executive Assistant/Paralegal's Fees=250(rate) x 2.4(hours)=$600; Total Attorney's Fees=$3,740+$600 =$4,340

4

(4:23CV185)

    Final Judgment will be entered in favor of Plaintiff Christopher Cooley and against Defendants Akm M. Rahman and Nasrin Rahman in the amount of $4,340 for attorney's fees and $681 for other litigation costs and expenses.  A separate judgment entry will be docketed.

    The Clerk is directed to issue a copy of this Order by regular mail to Defendants Akm M Rahman and Nasrin Rahman, 29 Overhill Road, Youngstown, OH 44512.

    IT IS SO ORDERED.

| | |
|---|---|
| October 5, 2023 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |